_____

| | |
|---|---|
| MIGUEL N. GARCIA, | : |
| | : |
|        Petitioner, | :     Civ. No. 12-0356 (RBK) |
| | : |
|     v. | :    **OPINION** |
| | : |
| U.S PAROLE COMMISSION, | : |
| | : |
|        Respondent. | : |

_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is currently a federal prisoner incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is currently serving a sentence of 360 months imprisonment after a jury in the United States District Court for the Eastern District of Wisconsin found him guilty of conspiracy with intent to distribute more than five kilograms of cocaine and knowingly and intentionally attempting to possess with the intent to distribute cocaine. Petitioner is proceeding with a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The habeas petition will be dismissed due to a lack of jurisdiction.

## II.    BACKGROUND

The United States Court of Appeals for the Seventh Circuit set forth the procedural history of petitioner's previous convictions as follows:

> In June of 1972 a federal court sentenced Garcia to six years' imprisonment for conspiracy to possess with the intent to distribute heroin. He was paroled in September of 1974. In January of 1976, the United States Parole Commission issued an arrest warrant for Garcia, charging him with the sale of heroin while on parole. In October of 1977, a Michigan state court convicted Garcia for selling heroin, and sentenced Garcia to thirteen to twenty years'

> imprisonment.  In March of 1978, in the wake of Garcia's state
> court conviction, the Parole Commission filed a supplemental
> warrant.  Garcia's parole was revoked on October 1, 1978.  On
> July 13, 1981, Garcia was paroled again, with his parole term to
> expire on January 11, 1982.

*United States v. Garcia* (*Garcia I*), 89 F.3d 362, 366 (7th Cir. 1996).[1]

In 1995, petitioner was sentenced for the crimes for which is now incarcerated.  Petitioner

was classified as a career offender for sentencing purposes.  On direct appeal, he argued in part

that using the 1972 conviction to classify him as a career offender violated his due process rights.

The Seventh Circuit affirmed the judgment and conviction on appeal.  *See id.* 366-68.

Petitioner subsequently filed a motion to vacate, set aside or correct his sentence pursuant

to 28 U.S.C. § 2255 was denied in the Eastern District of Wisconsin and the Seventh Circuit

denied a certificate of appealability.  Thereafter, petitioner filed a habeas petition pursuant to 28

U.S.C. § 2241 in this Court.  *See Garcia v. Grondolsky* (*Garcia II*), No. 09-0783, 2009 WL

1929319, at *1 (D.N.J. July 1, 2009), *aff'd*, 350 F. App'x 616 (3d Cir. 2009) (per curiam).

Petitioner argued in that petition that "a 1972 conviction for conspiracy to possess with intent to

distribute heroin, should not have counted as a predicate offense."  *Id.*  Ultimately, this Court

determined that it lacked jurisdiction to consider that § 2241 habeas petition and the habeas

petition was dismissed.  *See id.* at *3.

In January, 2012, the Court received the instant petition.  Petitioner asserts that he was

improperly labeled a career offender in his 1995 conviction which increased his sentence.  More

specifically, he claims that his correct parole date from the 1972 conviction was July 13, 1980,

not July 13, 1981.  Accordingly, petitioner argues that this 1980 parole date does not render his

1972 conviction within the scope of the Federal Sentencing Guideline § 4B1.1 for career

---

[1] The Court takes judicial notice of the prior opinions in petitioner's federal criminal proceedings and subsequent federal habeas proceedings.  *See McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

offenders because his parole date on that conviction was more than fifteen years prior to his 1995 conviction.[2]

Respondent filed an answer to the petition. Respondent argues in part that this Court lacks jurisdiction to consider the instant habeas petition. Petitioner filed a reply to the answer. The matter is now ripe for adjudication.

## III.    DISCUSSION

Petitioner is essentially challenging the sentence he received for his 1995 conviction in this habeas petition. He argues that the Eastern District of Wisconsin improperly used the 1972 drug conviction to classify him as a career offender because he should have been paroled in 1980 as opposed to 1981 on that conviction.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, No. 13-2500, 2013 WL 4419333, at *1 (3d Cir. Aug. 20, 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

---

[2] Section 4B1.1(a) of the United States Sentencing Guidelines states as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Section 4A1.2(e) of the United States Sentencing Guidelines further states that:

> Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.

This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful [sentence] claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the

Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of section 2255. *See id*. The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Indeed, petitioner previously attacked the use of his 1972 drug conviction as a predicate offense on direct appeal and in his previously filed § 2241 habeas petition in this Court. *See Garcia I*, 89 F.3d at 366 (outlining petitioner's claim that the using the 1972 drug conviction to classify him as a career offender violated his constitutional rights); *Garcia II*, 2009 WL 1929319, at *1 (outlining petitioner's claim that his "1972 conviction for conspiracy to possess with intent to distribute heroin, should not have counted as a predicate offense.") (footnote omitted). Petitioner has not shown that Section 2255 is inadequate or ineffective to test the legality of his detention. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not

argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here."). Accordingly, this Court lacks jurisdiction to consider the instant habeas petition filed under 28 U.S.C. § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Petitioner has already raised issues pertaining to the use of his 1972 conviction to classify him as a career offender in his 1995 conviction. Therefore, this Court finds that it is not in the interest of justice to transfer this petition to the United States Court of Appeals for the Seventh Circuit as a request for leave to file a second or successive § 2255 motion.

Petitioner has also requested the appointment of counsel. (*See* Dkt. No. 7.) He does not have a constitutional right to counsel in habeas proceedings. *See Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254. However, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has discretion to appoint counsel where "the court determines that the interests of justice so require . . ." In *Reese*, the Third Circuit explained

that in determining whether counsel should be appointed, a court "must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims." *Reese*, 946 F.2d at 263-64. In this case, the Court finds that the appointment of counsel is not warranted as this Court lacks jurisdiction to consider the habeas petition.

## IV.    CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction. An appropriate order will be entered.



DATED:  November 20, 2013

                                         s/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge