UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MIGUEL N. GARCIA, | : | |
| | : | |
| Petitioner, | : | Civ. No. 12-0356 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| U.S. PAROLE COMMISSION, | : | |
| | : | |
| Respondent. | : | |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On November 20, 2013, the Court dismissed the habeas petition for lack of jurisdiction. On December 16, 2013, the Court received petitioner's motion to correct the caption and motion to amend/alter the judgment.  Therefore, the Clerk will be ordered to reopen this case so that these motions can be considered.  For the following reasons, petitioner's motion to amend the caption will be granted and his motion to amend/alter the November 20, 2013 Order will be denied.

## II.   BACKGROUND

Only a brief recital of the facts is necessary as the Court laid out the factual background of this case in the November 20, 2013 Opinion.  In 1995, petitioner was convicted in the United States District Court in the Eastern District of Wisconsin for conspiracy to possess with the intent to distribute more than five kilograms of cocaine and knowingly and intentionally

1

attempting to possess with intent to distribute cocaine.  Petitioner was classified as a career offender for sentencing purposes based on prior convictions and sentenced to 360 months imprisonment.  Petitioner's appeal and motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful.  Thereafter, petitioner brought a § 2241 habeas petition in this Court arguing that a 1972 conviction should not have counted as a predicate offense for sentencing purposes.  *See Garcia v. Grondolsky*, No. 09-0783, 2009 WL 1929319, at *1 (D.N.J. July 1, 2009), *aff'd by*, 350 F. App'x 616 (3d Cir. 2009) (per curiam).  The Court found that it lacked jurisdiction because petitioner had failed to establish that § 2255 was inadequate or ineffective to assert his claim.  *See id.* at *3.

Petitioner filed the instant petition in January, 2012, arguing that his parole date for the 1972 conviction was July 13, 1980, not July 13, 1981.  According to petitioner, this earlier 1980 parole date does not render his 1972 conviction within the scope of the Federal Sentencing Guidelines that classified him as a career offender.

On November 20, 2013, the Court dismissed the instant habeas petition due to a lack of jurisdiction.  The Court determined that petitioner had failed to show that a § 2255 motion was inadequate or ineffective to pursue petitioner's claim.

Petitioner has now filed a motion to amend/alter the November 20, 2013 Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e).

### III.   DISCUSSION

A. <u>Motion to Amend Caption</u>

Petitioner filed a motion to amend the name of the respondent in the caption from the United States Parole Commission to Warden J. Hollingsworth, who is the warden at F.C.I. Fort Dix.  The proper respondent in this case is the custodian of petitioner, who would the warden of

F.C.I. Fort Dix. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). Therefore, the motion to amend the caption will be granted.

    B. <u>Motion for Reconsideration</u>

        i. *Legal Standard for Reconsideration*

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court of matters which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

        ii. *Analysis*

Petitioner argues in his motion for reconsideration that the Court erred in determining that it lacked jurisdiction over his § 2241 habeas petition. Contrary to petitioner's arguments, the Court properly determined that it lacked jurisdiction because petitioner failed to show that § 2255 was inadequate or ineffective to permit him to advance his claims in this § 2241 habeas petition. The Court noted that petitioner failed to show that he fell within the *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997) exception set forth by the United States Court of Appeals for the

Third Circuit.  Indeed, as petitioner's claim related to whether he was improperly labeled a career offender for purposes of sentencing as opposed to his underlying innocence on his criminal conviction, petitioner failed show that "he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]"  *Dorsainvil*, 119 F.3d at 251.

Petitioner's reliance on the United States Court of Appeals for the Seventh Circuit's decision in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013) is unavailing.  In *Brown*, the petitioner brought a § 2241 habeas petition and argued that under *Begay v. United States*, 553 U.S. 137 (2008), a prior Delaware conviction for arson did not qualify as a crime of violence under the Sentencing Guidelines such that he was actually innocent of being considered a "career offender."  *Brown*, 719 F.3d at 586.  The Seventh Circuit determined that the District Court had § 2241 habeas jurisdiction because petitioner was relying on a statutory interpretation as opposed to a constitutional case, was relying on a retroactive decision that he could not have invoked in his first § 2255 motion and that the sentence enhancement constituted a grave enough error to be deemed a miscarriage of justice.  *See id.* at 586-87.

Even if the Seventh Circuit's decision in *Brown* was binding authority in this District Court, petitioner's reliance on that case is misplaced.  His petition relies on no case that he could not have invoked in his prior § 2255 motion.  Indeed, as previously stated, petitioner's claim in this case relies not on a case made retroactive, but on the factual issue of his parole date from his 1972 conviction.  Additionally, it is also worth noting that the Third Circuit has also stated that a claim asserting that a petitioner is factually innocent of being a career offender does not fall within the *Dorsainvil* exception to permit the petitioner to bring it in a § 2241 habeas action.  *See Mikell v. Recktenwald*, No. 13-2640, 2013 WL 5615254, at *2 (3d Cir. Oct. 15, 2013) (per

4

curiam) ("Mikell asserts that he is innocent of being a career offender . . . . Mikell makes no allegation that he is actually innocent of the drug crime for which he was convicted; he asserts only that his sentence is improper. The *Dorsainvil* exception is therefore inapplicable, and relief under § 2241 is not available.") (citing *Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002)); *McIntosh v. Shartle*, 526 F. App'x 150, 152 (3d Cir. 2013) (per curiam) ("McIntosh is challenging his designation as a career offender. Thus, he does not fall within the exception created in *Dorsainvil* and may not proceed under § 2241.")

For the first time in his motion for reconsideration, petitioner also argues that jurisdiction is also proper as a petition for writ of *audita querela*. (*See* Dkt. No. 12 at p. 5.) "[T]he writ of audita querela survives only to the extent that it fills in gaps in the current system of post-conviction relief." *United States v. Gonzalez-Rivera*, 535 F. App'x 95, 96 (3d Cir. 2013) (per curiam) (citing *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001)). As petitioner's claims are cognizable under § 2255, he cannot invoke the writ of *audita querela*. *See id.* (citing *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005)); *Rothwell v. United States*, No. 13-6671, 2013 WL 6049750, at *3 (D.N.J. Nov. 14, 2013); *see also Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009) ("Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence.") (citations omitted). Accordingly, petitioner's reliance on audita querela to establish jurisdiction in this case is misplaced.

Petitioner also invokes mandamus in his motion for reconsideration to argue that this Court has jurisdiction over his petition. "The extraordinary remedy of mandamus under 28 U.S.C. § 1361 will issue only to compel the performance of a 'clear nondiscretionary duty.'"

*Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)).  "A party seeking the issuance of the writ of mandamus must 'have no other adequate means to attain the relief he desires,' and must show that the 'right to the issuance of the writ is clear and indisputable.'"  *Volcy v. United States*, 469 F. App'x 82, 83 (3d Cir. 2012) (per curiam) (citing *Stehney v. Perry*, 101 F.3d 925, 934 & n.6 (3d Cir. 1996) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980))).  "To have a 'clear and indisputable' right to the issuance of the writ under § 1361, the petitioner must show that he is owed 'a legal duty which is a specific, plain ministerial act devoid of the exercise of judgment or discretion.'"  *Id.* at 84 (quoting *Richardson v. United States*, 465 F.2d 844, 849 (3d Cir. 1972) (en banc), *rev'd on other grounds*, 418 U.S. 166 (1974)).  "Even where this burden is met, the court has discretion to deny the writ, 'even when technical grounds for mandamus are satisfied.'"  *Bango v. Green-Allen*, No. 10-6180, 2011 WL 9500, at *3 (D.N.J. Jan. 3, 2011) (quoting *Coombs v. Staff Attorneys*, 168 F. Supp.2d 432, 434-35 (E.D. Pa. 2001)).

The fact that petitioner may now be barred from filing a second or successive § 2255 motion does not make mandamus an available remedy.  *See In re Spann*, 403 F. App'x 741, 744 (3d Cir. 2010) (per curiam).  Indeed, "[m]andamus does not become available simply because the sentencing court previously denied relief under section 2255 or because the gatekeeping provision of section 2255 make it difficult to pursue a successive motion."  *Id.* (citing *Dorsainvil*, 119 F.3d at 251; *see also In re Bullard*, 402 F. App'x 702, 703 (3d Cir. 2010) (per curiam) ("[J]ust because Bullard cannot meet the stringent standards of the revised § 2255 does not mean that he may now pursue claims through a request for a writ of mandamus[.]") (citing *United States v. Baptiste*, 223 F.3d 188, 189-90 (3d Cir. 2000)).  Therefore, petitioner's reliance on mandamus to attempt to establish jurisdiction in this case is also misplaced.

## IV.  CONCLUSION

For the foregoing reasons, petitioner's motion for reconsideration will be denied.  An appropriate order will be entered.


DATED:  March 24, 2014

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge